No. 04-377

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 206N

DAVID BACON,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 02–76
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         David Bacon, *Pro Se*, Shelby, Montana

      For Respondent:

         Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

         George Corn, Ravalli County Attorney; T. Geoffrey Mahar,
Chief Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  July 19, 2005

Decided:  August 23, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2      In November of 2003, David Bacon (Bacon) petitioned for postconviction relief in the Twenty-First Judicial District Court, Ravalli County. Bacon requested the District Court allow him to withdraw his guilty pleas entered in the underlying action because he received ineffective assistance of counsel in that his retained counsel had a conflict of interest. The District Court denied the petition on the basis that Bacon had failed to establish any facts supporting his allegation that defense counsel had a conflict of interest. Bacon appeals from the order denying his postconviction relief petition. We affirm.

¶3      On appeal, Bacon contends the District Court erred in denying his postconviction relief petition because his counsel in the underlying proceeding was ineffective in failing to request that Bacon undergo a psychiatric evaluation. He further asserts that a psychiatric evaluation would have established his lack of mental capacity to understand his actions at the time he committed the crimes or to enter voluntary and knowing guilty pleas. The State of Montana (State) responds that we should decline to address Bacon's arguments on appeal because he failed to raise them in his petition in the District Court. We agree.

2

¶4      We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit. Postconviction claims not raised in the original or an amended petition in the district court cannot be raised for the first time on appeal and, if raised, we will decline to address them. *State v. Garner*, 2001 MT 222, ¶ 45, 306 Mont. 462, ¶ 45, 36 P.3d 346, ¶ 45. Consequently, we decline to address Bacon's argument regarding the psychiatric evaluation because it is raised for the first time on appeal. We hold, therefore, that Bacon has failed to establish error in the District Court's denial of his postconviction relief petition.

¶5      Affirmed.


/S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER
/S/ JIM RICE

3